IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANTINA K. JOHNSON,

        Plaintiff,

vs.                                                                                               No. CIV 12-1291 JB/ACT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 4, 2014 (Doc. 26)("PF&RD"), regarding the Motion to Reverse With Supporting Memorandum, filed July 23, 2013 (Doc. 26)("Motion to Reverse"). The parties have not filed any objections to the PF&RD. Because the Court concludes that the Honorable Alan C. Torgerson's PF&RD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court will adopt it, grant the Motion to Reverse, and remand for a rehearing.

**PROCEDURAL BACKGROUND**

On May 16, 2009, Plaintiff Santina K. Johnson filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382(a)(3), and an application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401. See Application Summary for Disability Insurance Benefits at 2-3, filed May 24, 2013 (Doc. 16-8 at 2); Application for Supplemental Security Income at 4-7, filed May 24, 2013 (Doc. 16-8 at 4). Johnson alleges a disability beginning

January 1, 2004, because of "gastroparesis, bulging disc lower back with chronic back pain and left leg numbness, chronic right knee pain, neck pain with left arm numbness, [and] right hip pain." Disability Report at 43, filed May 24, 2013 (Doc. 16-9 at 42). Johnson's applications were initially denied on June 22, 2009, and denied again at the reconsideration level on May 20, 2010. See Notice of Disapproved Claim at 2-5, filed May 24, 2013 (Doc. 16-6 at 2); Supplemental Security Income Notice at 6-9, filed May 24, 2013 (Doc. 16-6 at 6); Notice of Reconsideration - Disability at 27-29, filed May 24, 2013 (Doc. 16-6 at 27).

The Administrative Law Judge conducted a hearing on March 8, 2011. See Transcript in the case of Santina Johnson, filed May 24, 2013 (Doc. 16-4 at 2). At the hearing, attorney Robert Retherford represented Johnson. Johnson is proceeding pro se in this action. On June 21, 2011, the ALJ issued an unfavorable decision. In his report, the ALJ found that, through the date last insured, the medical evidence established that Johnson has the following severe impairments: "obesity and degenerative disc disease of the cervical lumbar spine." Decision in the Case of Santina Kay Johnson at 19, filed May 24, 2013 (Doc. 16-3 at 17)("ALJ Decision"). The ALJ concluded, however, that Johnson did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See ALJ Decision at 18. The ALJ concluded that Johnson was capable of performing past relevant work as a short order cook, general clerk, receptionist, and transcriptionist. See ALJ Decision at 25.

On October 16, 2012, the Appeals Council issued its decision denying Johnson's request for review and upholding the ALJ's final decision. See Notice of Appeals Council Action at 2-5, filed May 24, 2013 (Doc. 16-3 at 2). On December 12, 2012, Johnson filed her Complaint

for judicial review of the ALJ's decision. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 12, 2012 (Doc. 1).

In her Motion to Remand, Johnson asked the Court to address a number of issues on review. In Judge Torgerson's PF&RD, Judge Torgerson found that the ALJ committed reversible error, because he rejected the opinions of Johnson's treating physicians and other source opinions, and failed to give specific, legitimate reasons for doing so as regulations, agency rulings, and case law for the United States Court of Appeals for the Tenth Circuit requires. See PF&RD at 22-29. Judge Torgerson also found that substantial evidence did not support the ALJ's evaluation of Johnson's credibility regarding her pain. See PF&RD at 30. As such, Judge Torgerson recommended that the Court grant Johnson's Motion to Reverse.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition *de novo*, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary,

[obviously][1] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. 140, 151 (1985)("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

---

[1] The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" reflects well the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the magistrate judge's delineation of the facts -- in other words performing a *de novo* review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" reflects better that the Court is not performing a *de novo* review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

## ANALYSIS

The Court has reviewed the PF&RD to determine whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court has determined that they are not. Accordingly, the Court will adopt the PF&RD as its own.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 4, 2014 (Doc. 26) is adopted; and (ii) the Motion to Reverse With Supporting Memorandum, filed July 23, 2013 (Doc. 26), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Santina K. Johnson
Ribera, New Mexico

    *Plaintiff pro se*

Kenneth J. Gonzales
   United States Attorney
Manuel Lucero
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

--and--

Brock Cima
   Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
Dallas, Texas

    *Attorneys for the Defendant*